Please read the first case. 122444 Warren R. Garlick v. Office of the Public Access Counselor Will the individuals who are going to argue please step forward. Please each identify yourself and about how much time you need. Good morning, Your Honor. My name is Warren Garlick. I'm the plaintiff at Phillips in this case. I would like to proceed with 15 minutes for argument with maybe a couple minutes for rebuttal. Okay, thank you. Mark Heinle for Defendant Appley Oak Park River Forest High School District Number 200. I'd like 10 minutes. Clifford Berlow on behalf of the Office of the Public Access Counselor as well as the Attorney General's Office. 10 minutes would be sufficient. 10 minutes. 10 minutes. Thank you. Mr. Garlick. Good morning. I'm pleased as a court. My name is Warren Garlick. I'm the plaintiff appellate in this action. There are two points I'd like to address today. The first, obviously, is the threshold issue with this case is subject to administrative review. The second is the substantive elements of this case, which I'd also like to address, recognizing the threshold issue may render these issues not ripe for education. So threshold issue. As the PAC has correctly pointed out in its response brief, there is a conflict between Section 9.5F of FOIA and Section 7C4 of the Attorney General's Act regarding the scope of advisory opinions issued by the PAC. FOIA limits these advisory opinions to requests made by a public body with regard to hypothetical situations rather than actual controversy. The Attorney General's Act suggests that these advisory opinions can be issued in response to a request for review or otherwise. The question preceded here is, did the legislature intend that advisory opinions could be issued by the PAC in response to an actual controversy, or is it simply an inartful drafted provision? And the legislature really intended that the term request for review to mean a request by a public body for advice in response to a hypothetical situation. The PAC argues that this provision in the Attorney General's Act enables it to provide a hypothetical response to an actual FOIA controversy, issuing a non-binding determination letter that is non-reviewable, non-binding, non-final, and thus unenforceable. The PAC makes a number of persuasive arguments why an opinion must be non-binding. These include that the opinion does not have a header declaring it a binding opinion, which is not a requirement of FOIA, it was issued more than 60 days later, was not published on the Attorney General's website, and did not have a separate statement of facts and conclusions at law. For the most part, these are procedural issues. It does not address the substantive issues as to what makes a binding opinion. Furthermore, there appears to be a flaw in this logic, and that is predicated on the reasoning if the opinion is not issued with these elements, it must therefore not be a binding opinion. These are all elements the PAC has control over. More importantly, the problem does not really address what FOIA states regarding the matter. So putting aside these elements for a moment and looking at FOIA. A lot has been made of the word binding within the construct of FOIA. When construing the use of the word within FOIA, I think a lot turns on the question did the legislature intend the word to be used as an adjective or a verb? Essentially, did the legislature craft FOIA so that the PAC could issue binding opinions versus non-binding opinions, or did the legislature simply intend that the PAC issue opinions and these opinions would be binding? A simple reading of Section 9.5F of FOIA suggests that the legislature intended that the PAC could issue opinions, and if it did so, these would be binding. Doesn't the FOIA give the PAC discretion as to whether or not it's characterized as a binding or non-binding opinion?  What I'm saying is that if you read the Act simply, read Section 9.5F simply as it's written. And I am, and it says that the PAC has discretion as to whether or not something, an opinion that it issues is binding or non-binding. Correct? Is that correct? That is correct, Your Honor. Is there anything in the FOIA that gives the court the right or the power to determine how the letter issued by the PAC is characterized? 9.5F suggests to me, and this is just a simple reading of it, that, and that's putting aside that question, which I agree is a good one, something reading 9.5F, the way it reads to me is that unless the Public Access Counselor decides to address the matter without the issuance of a binding opinion, the Attorney General shall, one, examine the issues and records, two, make findings of fact and conclusions of law, three, issue to the requester and the public body an opinion in response to the request for review. The opinion shall be binding upon the request from the public body, subject to administrative review under Section 11.5. And that, I think, is what the trial court looked at and said, well, you know what, to quote it, it looks like a duck, walks like a duck, quacks like a duck, therefore it must be a duck. Essentially, that is the issue that the trial court was... Now, I agree to your point. It is a less than aptly drawn piece of provision. And it's possible this court may look at it and say, well, yes, the PAC is right. It can issue these non-binding opinions. All I would ask of that is the decision of this court. It proved in its rule and quite clearly that these are basically non-binding opinions. They have no legal significance, do not adversely affect the rights of the party one way or another, and carry no weight in the trial court. Actually, when you first went to court, you did not bring it in as an administrative review. I actually saddled the fence there a little bit, Your Honor. I did two things. I brought it in both as an administrative review in one count, but also in the alternative as a declaratory judgment against OPRF. So I sort of... You were covering both bases. I covered both bases, yes. And the court ruled that it was an administrative... And you know you can't have it both ways. That's the point. So when I filed my mainly complaint, I said, okay, I'm taking out the declaratory judgment element, and I'm going to focus solely on the administrative review, and it proceeded as an administrative review. And if it proceeded for injunctive relief, though, then you would have the court reviewing anew the documents and the material that's been excluded. Wouldn't that put you in a better position? Very much so. I'm actually making a worse position for myself arguing it's an administrative review because I'm actually saying, okay, now the standard must be clear on my part. I'm trying to understand why you're doing that. Because I believe the act the way it was written, notwithstanding there are ambiguities in the act which suggests that, okay, there's wiggle room, we can have binding versus non-binding opinions. I believe the act the way it's written simply says that the PAC can either engage in mediation or issue an opinion. If it issues an opinion, that opinion is binding upon both parties and subject to administrative review. Now, let's quote, and I recognize that, may say, no, we disagree with you, Mr. Gardner. We think there is room here for non-binding opinions. We're going to hold that it's not subject to administrative review. We're going to send it back down to the trial court and you proceed as a deputy judgment. That certainly is to my advantage because that way the balance of proof shifts now. It's clear and convincing on the part of OPRF and it makes it a lot easier for me to win. So, yes, I've chosen the hard road. A lawyer probably wouldn't do that. But I felt that, you know, looking at it, that was right. Well, doesn't the act, though, allow for informal resolution? Isn't this a form of an informal resolution by the PAC? I think there's sufficient ambiguity in the act that you can read it that way. Now, I would say that, also to your point, that when I began this course of action in 2010, there wasn't any clarity on that point. And so I brought the PAC in on the basis I don't agree with your decision, I think it's wrong, and I want you to be a party to this and defend your decision in a court of law. Now, there's been since there's some case law that supports the proposition that it can issue non-binding opinions and these have no effect, legal effect, no legal significance. Now, to that point, this is the first appellate panel that has had this question squarely put before it. Can it issue non-binding versus non-binding opinions? I think this is important because all the prior cases, basically the parties agreed these are non-binding opinions. And so in here they didn't agree, and I understand. So that puts the issue before us that wasn't in the other cases. Yes. But how do you differentiate those informal opinions in those other cases from what we have here? Well, I think a distinction can be made, first of all, there was never a real actual controversy between the parties. Besides that, I understand. But putting that to a side, I mean, you still have people saying it's so clear, we're not going to make it an issue. And here it became an issue. I understand that. But I'm just saying, still, looking at its face, those lawyers and that judge didn't have to accept that. The judge and the appellate court accepted that. They don't necessarily have to. But what is it that's – is there anything that's different here, I guess, from those informal opinions that's significant? The only thing I can say is you can read the fact – read the FOIA provisions on its face, and reach that conclusion that it either mediates or issues an opinion, and that opinion's binding. Or you can look at it and say, we construe it in such a way that it can issue both binding and non-binding opinions. To be honest, Your Honour, I really can't argue effectively, if I'm not completely, that you have to read it simply as being opinions and they're going to be binding. I'm open to – I realize that there's sufficient ambiguity in the Act so it can be read differently. I'm just simply arguing that reading it on its face, that's how I would interpret it. Doesn't the spirit of the Act, though, lead us to the conclusion that the legislature expected that there'd be some recourse if people weren't satisfied with what the PAC did? And then – but that it provides that the PAC can – if it were to provide that the PAC can issue a non-binding opinion, that you'd be sort of stuck there or be in limbo. You would never be able to go any farther than that. You wouldn't be able to ask for any relief from that non-binding opinion. And doesn't that seem to fly in the face of the whole Freedom of Information Act context? I'm sorry? If you have – if the PAC has the authority to issue non-binding opinions and they – and that decision can't be challenged, whether to issue a binding or a non-binding opinion can't be challenged, then if they are able to issue non-binding opinions and you didn't like it, what would your recourse be? Well, your recourse would be to go to court. On a declaratory judgment. And a declaratory judgment under – Section 11. 11.5. But – No, 6 and 11. 11.5 is administrative review. Sorry, not 11.5. 11 – I correct. Section 11, Your Honor. Thank you. Which provides a declaratory relief. That actually raises an interesting point, Your Honor, which is more – one I wasn't really quite sure I wanted to touch on. But for the 2010 year, 99.75% of all requests for review fell in the category of non-binding opinions, if we assume that they issued non-binding opinions. For the 2011 year, slightly less than 97.75%, 99.75% fell into this category. For the year 2012, there was an improvement. 99.5% of all requests fell into the category of non-binding. If you take the position that non-binding opinions have no legal effect whatsoever, then you are effectively in a situation where a public body can look at a non-binding opinion and say, I'm not going to follow that. Take me to court. So I think not quite – it takes some of the teeth out of the notion that the PAC should be taking a more active role in making opinions that are enforceable. But when I say that, I recognize it's not the court's role to get into that one. But I – But either way, you can go to court, right? You can – yeah, well – I mean, it just depends on – Either way, you can go to court. Okay. So if you can go to court either way, and you're looking at it from the point of view of you as the requester, if it's administrative review, which is what happened here, there was no hearing, right? You didn't have an opportunity to talk – to present any kind of evidence or presentation or make arguments as to – I don't mean to interrupt you, sir. No, no, no. Go ahead. To that point, you are quite correct. It's not, strictly speaking, a true administrative review in the sense that we normally would have an administrative review. And also – and I argue this only as a side issue – the OPRF, when it filed a response, the PAP was supposed – but was required by law to give me a copy of that and allow me to respond because that gets back to the second element, the substantive elements here. You said you didn't get a copy, right? I did not get a copy. Right. So you're – and like you said, it's not really an administrative review as under the Administrative Review Act. So, you know, why should it be an administrative review in this situation? Are we stretching what it means to have administrative review? And isn't the requester in a better position with your count one rather than your count two? I agree with you. We are stretching the notion of administrative review. It's not how you normally have an administrative review where you have a hearing officer that goes through and hears the issues and then puts it up to a board that determines and that type of thing. There's no rules and regulations and all that stuff. It's not truly an administrative agency. I think what legislators should do and what they tend to do is say, okay, when the PAC issues an opinion, it's now going to be subject to administrative review law. Essentially, the balance now – standard now is going to be clear error. And it's going to give force and teeth and enforcement to an opinion coming from the PAC. And it seems that PAC is saying, okay, yes, we'll do that. We've done that for two dozen in the last three years. But for the rest of them, we're going to offer these opinions, non-binding opinions, which have no teeth at all. Now, again, this is sort of getting into a political area, and I recognize it's probably an area that they're not in the realm of the court. But as a four-year requester, it is, of course, a concern to me. Anything else you wish to – any questions? Do you want to get to substantive issues or – No, thank you. Thank you very much. All right. Thank you. But you do stand on your brief with respect to the other issues. I stand on my brief with respect to the substantive issues. Thank you. Whichever one of you wishes to go first. Thank you. Thank you, Justice Hyman, and may it please the Court. I think, as the first part of the presentation this morning makes clear, the fundamental question presented to this Court relates to what the meaning of Section 9.5F is. And so I think it's worth at least just revisiting the statutory language at the outset. The statute says that the attorney general may exercise his or her discretion and choose to resolve a request for review by mediation or by a means other than the issuance of a binding opinion. And so the core statutory question here is whether a nonbinding letter, similar to what the PAC issued here, is, in fact, a means of resolution other than the issuance of a binding opinion. And based upon the plain language of the statute and the breadth that it plainly gives, the breadth that it plainly has, the answer to that question is that it is a means of resolution other than issuance of binding opinion. And that's the end of the issue. Now, it seems to me that if you're going to give a narrower construction to that phrase than the one that is evident from the plain language of the statute, then you ought at least have a good reason for doing so. And it has to be so compelling and so clear that it overcomes the deference that courts afford to agencies that administer statutes. And so it needs to be so obvious that it demonstrates that the PAC's interpretation is plainly unreasonable. And it must still do so in the face of the fact that at least two courts, including one panel from this Court, has already recognized that the PAC has the authority to issue nonbinding determination  against the PAC. Now, is it actually accurate? The issue wasn't before them. It wasn't squarely presented. So nobody was answering the question because nobody was asking. Justice Kagan, that's correct in the sense that the arguments weren't squarely presented. But I think it would be, in the case of the Brown case, I'm not sure that that's entirely accurate because that case is really on all fours with this one. And so I think the Court would be creating a very clear split with the Fourth District who ruled that you could not have a viable action against the PAC if the PAC did not issue a binding decision. So it seems to me that that decision would necessarily be wrongly decided if this Court were to split the other way. And in addition, it would take what I think is a fairly significant step of suggesting that one of this Court's prior decisions, the Fagel case, that this Court lacked jurisdiction to issue a decision that it issued. And that, to me, seems to be a fairly strong rebuke of another panel of this Court. I'm certainly not taking the position that that decision is binding on this Court on that question. But it seems to me that, at the very least, there should be a compelling reason, and it should be a very compelling reason, to suggest that this Court is issuing decisions in cases where it lacked jurisdiction. Well, counsel, doesn't it seem that the language of the Act says you can resolve these questions by mediating? That would involve two people, two sides talking. Or otherwise informally resolving the dispute. And you're saying that informally resolving the dispute is issuing a non-binding letter, without any consultation, without any back-and-forth, without any talking to anybody, without trying to work out the kinks. None of that. None of that happens. You just look at the documents and issue a non-binding opinion, or by issuing a binding opinion. And you're reading, or otherwise informally resolving the dispute, is by issuing a non-binding opinion. Doesn't that smack of the PAC and the Attorney General having their cake and eating it, too? That is, eating your cake, but still having it. You get the benefit of both. You get to not issue a binding opinion that you're stuck with, that could go to administrative review. But you don't really have to talk to anybody else. You don't really have to deal with these messy details. You can just issue a non-binding opinion. Doesn't that fly in the spirit of the FOIA Act in general? Justice Pacheski, I don't believe so. And I think there are at least two reasons for that. The first is that I think a non-binding opinion, as we explained in our brief, is really tantamount to non-binding arbitration, which is quite common. Well, there wasn't any arbitration. There wasn't any give and take. There wasn't any let's try this, let's try that. I mean, arbitration, we all know what arbitration is. There are two sides. And the mediator, the arbitrator, is dealing with both sides. There wasn't any of that going on here. Justice Pacheski, that's not true. Here you had Mr. Garlick submit his request for review, explain his reasons why he believed that the school district had wrongly denied his request, and then you had a response filed by the school district. Now, I recognize, as Justice Hyman pointed out, that I can't represent to the Court that that response was served on Mr. Garlick. So doesn't that automatically mean that both sides were not engaged in this arbitration process that you're discussing? Well, no, Justice Pacheski. What it may mean at most is if Mr. Garlick had raised this issue and said, I want to invalidate the proceedings below based upon this procedural defect, that he might have had a viable option for doing that. He hasn't done that here. He's actually in his brief expressly said that in the interest of judicial economy, he doesn't want to invalidate the proceedings below based on the fact that he didn't get an opportunity to file a reply. So I don't know that you can say based upon that procedural defect that somehow you could invalidate this decision because it certainly isn't a jurisdictional issue that would bar this Court from acting. Well, let's talk about procedural defects for a moment. Do you think that we have a right to expect that the Attorney General of the State of Illinois will be more careful about procedural issues? Justice Pacheski, I would surely think so. I could represent that the PAC is very careful. And while when at present the PAC receives, I believe, between 280, 290 FOIA requests per month. And so it is certainly possible that mistakes will be made. And it is certainly possible that a litigant like Mr. Garlick, had he chosen to do so, could go to court and try and invalidate the proceedings and say, I want to go back to square one and get back in front of the PAC. That certainly is prerogative, but he hasn't taken that option here. And that's really the decision of the litigant and not something that, again, this is not a circumstance that would void the judgment if there were a judgment of the PAC. And, again, I do want to come back to this idea that nonbinding arbitration is something that the General Assembly very much envisioned. We cited legislative history from Speaker Madigan. And he was very clear that he envisioned that advisory opinions could be issued both in response to requests from local public bodies and from requests for review by individuals who engaged in FOIA requests. And that's consistent with the statute. If you look at the organic statute in the Attorney General Act where the PAC's office is created, it says in Section 205-7C-4, through the public access counselor the attorney general shall have the power to issue advisory opinions with respect to the Open Meetings Act and the Freedom of Information Act, either in response to a request for review or otherwise. And then in Section 3, one before that, in describing the powers of the PAC, it says that the PAC shall have the power to resolve disputes involving a potential violation of either of those two statutes in response to a request for review initiated by an aggrieved party as provided in those acts by mediating or otherwise informally resolving the dispute or by issuing a binding opinion. That term, otherwise informally resolving the dispute, has to mean something. What the school district's position is, is that that reads mediation or mediation. They define the scope of those clauses by saying that it only applies in the context of negotiated agreements between parties, which in essence means mediation. They would write out the expansive language that the General Assembly included in the statute. And the General Assembly had good reason for including broad language in the statute. What the General Assembly wanted to do here was to create an alternative to litigation that is entirely optional to give parties an opportunity to efficiently and inexpensively resolve their FOIA disputes. That's why the 60-day provision is included in the statute for any binding decisions. And it would entirely upend the General Assembly's purpose to say that you can't engage in these sorts of informal methods of dispute resolution, non-binding arbitration being one of them. So it seems to me that I agree with that, counsel. I'm just trying to figure out where the arbitration part of this process was in this case. I'm not seeing it. Well, if the concern here is that the two filings that went back and forth wouldn't be considered arbitration, then I would suggest to you that I certainly would – I would certainly just simply disagree with the idea that those sort of filings back and forth to a neutral party wouldn't constitute a form of arbitration. But wouldn't – wouldn't it be fair to expect that if we were dealing with the middle section here, not the mediation section, not the binding opinion section, but the sort of murky or otherwise informally resolved – I think we can agree that it's a little tiny bit murky. We have to figure out what the legislature meant. So you're saying you think that it means some sort of arbitration. And I'm saying, okay, arbitration usually involves both sides, a little bit of give and take. After an arbitration, both sides, don't they normally agree to the result? Where's the agreement on the result here? There's just a letter from on high, from the PAC, saying this is what's going to happen. How is that arbitration? Well, nonbinding arbitration often results with one party or another saying, I don't like the agreement, I'm going to court. And that's what the statute allows. It does still have – Mr. Garlick, is he recognizing – Except that this says informally resolving the dispute. Well, it's a resolution if they agree, but there's no – we can't require them to reach an agreement, just as any mediator will tell you they can't require someone to reach an agreement. That is correct, and often they don't. But normally there is some document that is created that both sides do something to. They either say, I agree to this or I don't agree to this. But the sides have something to say about it. Here, all we have is the PAC saying, here's what's going to happen. Well, if the – again, if the – well, I suppose if the parties had done nothing, received this letter, and done absolutely nothing, then they would have, I would assume, adhered to the decision, which is frequently how nonbinding arbitration works. One side has to affirmatively opt out. So it seems to me that if they received this letter, did absolutely nothing at all, then they would both have been effectively – have effectively chosen to bind themselves to its terms. And so I don't know that I entirely agree with the notion that this is really not a form of arbitration or that that didn't occur here. It may not have been as thorough as some parties would like. I recognize that. Many of the – just to answer Mr. Garlick's representation of the Court, about 99 percent being resolved through informal decision-making. I will say, a vast majority of those are circumstances where someone files a request for review. And what the request is, is I want documents from a church. I want documents from someone that is in the public body or that are just so facially not subject to the Act that it's not really – it's just simply not appropriate for any sort of resolution. If it is the submission of the school district, that every one of those where you say, no, the Act doesn't apply here, must be issued as a binding decision, you will end up with a body of binding opinions that would dwarf even anything issued by this Court. And it would simply allow litigants to go through all sort of factually not analogous cases and gin up any sort of argument they want to based on any perceived inconsistencies that they can find. And that's not consistent with the General Assembly's intent. Wouldn't it also help people say, oh, that's been tried before and 16 times in the past year, they haven't gone for it. So I'm just not going to buy that. The PAC is very careful about what cases it issues binding decisions on so that they squarely present the issues so that they can inform the public about the scope of the Act. I guess they do that here. We do that too, don't we? Yes, you do. We have binding opinions and we have informal resolutions which are not binding precedent. And I think that's a fair analogy here. Certainly the discretion that the PAC exercises in terms of whether to issue a binding opinion or not is probably somewhat similar to the analysis you go through in deciding whether to issue a Rule 23 order. And so the idea is simply not to overpublish in any given area of the law because at some point it ends up not really being helpful to the public. So again, if the school district is going to succeed in taking this very, very, very narrow interpretation of these broad phrases, it ought to have a good reason for doing so. And it has to be a text-based reason for doing so. And it has to be extraordinarily obvious and overwhelming and demonstrate that the PAC has acted unreasonably here. And I submit that they haven't made that showing. Any other questions? Thank you very much. Thank you. Thank you. Thank you. Thank you. Come on, you ratters. May it please the court. The district, there's been discussion this morning about the extent of the public access counselor's discretion under Section 9.5F of the FOIA, and the school district certainly concedes, as I think we must, that they have discretion whether or not to issue a binding opinion. The school district is not and has never taken the position that the PAC is forced by statute to issue a binding opinion in any particular case. Our argument is different. The school district is saying that though the PAC has discretion to elect not to issue a binding opinion, once it issues a document that fulfills the substantive criteria set forth in that same statutory section, Section 9.5F of the FOIA, and I can go through those with the court as I did in my brief, once they issue a document that fulfills those substantive criteria, they have, in fact, issued a binding opinion. Once they've issued a binding opinion, clearly under Section 11.5 of the FOIA, it is, in fact, my definition. I'm going to use my analogy, Rule 23. Can't we just decide that that's not binding? And you're saying even though we say it's not binding, it's still binding? Well, one of the key differences in my mind, and it's something that the PAC made issue or pointed out in its brief in distinguishing what's different between this document and what it presents when it issues something that is a binding opinion, and it points out that a binding opinion leads and closes with a reference to the fact that it is a binding opinion. As with a Rule 23 opinion, at the outset, it's clearly labeled that this is no precedential effect. It's a resolution intended for this particular case only. In this case, this letter, I'll refrain from characterizing one way or the other for the moment, but this January letter is silent as to what it is. It doesn't say at the outset, this is intended to be advisory. The parties are free to disregard it as they wish. There's no precedential effect to this or anything of the sort. The PAC would like us to read into the silence that it was intended to be advisory because it did not claim otherwise. But they do claim otherwise when it is an opinion. So there is a differentiation between an opinion and an advisory. In terms of the format that the PAC uses, again, unquestionably the PAC has a particular format, not required by statute incidentally, but a particular format that they have traditionally adhered to, apparently with the exception of the first couple that they issued. This is incidentally not a tremendously old act. We're not looking at decades of jurisprudence that could be theoretically unwound here. This has been around for three or four years. In any event, though the FOIA does not require it, as a matter of course, the PAC has generally issued their opinions that they have intended at the outset to be binding in a particular format. This opinion did not match up with that formatting. But again, the school district's position is that that's purely form over substance. So doesn't it match up with the Brown case? I mean, as counsel said, if we will put ourselves directly contrary to Brown, maybe FIGL, even though they didn't directly address this issue, the fact is that there is a consistency here. There have been two cases in Illinois. Incidentally, both came out while this case was midstream after the submission of the subliminal brief. I understand. Yes, Brown involved a similar factual setup insofar as it was an individual citizen, not a public body, soliciting some form of action from the PAC. The PAC issued in that case its writing, which looked similar to the writing here. And ultimately, that was the writing was not directly challenged. It was brought as a Section 11 original action as a declaratory judgment action in the circuit court. So I believe it's not a small difference. There was no administrative review claim in that case. The court found sort of, I would argue parenthetically, that because the court found that opinion to be nonbinding, that there was no harm subject to that the plaintiff in that case would suffer. So the court did find in that case that a similar style document was, in fact, nonbinding, to the extent that the Brown opinion, like this one, follows all of the Section 9.5F criteria for what a binding opinion is, which, incidentally, there's not a lot of criteria. There's about three or four points, and I would argue that all of them were satisfied here with the possible question of the timing issue. In any event, to the extent that Brown presented similar factual circumstances, I would definitely agree that it was wrongly decided, insofar as a substantive opinion aligning with all the criteria required of a binding opinion must be treated as a binding opinion. I don't think that matter was squarely before the court, just because of its procedural, the way in which it arose procedurally, the fact that it was Section 11 action under the FOIA. In this case, really from the outset, the school district's aim, as you probably noted from the briefs filed in the circuit court, was just to get some clarity in what the theory of action here was by the aggrieved requester. In this case, again, his original pleading was styled as a Section 11 administrative review, but there was language within it. I mean, he named the PAC as a defendant, which wouldn't be appropriate in a Section 11. The school district was going to be a party to this case either way. Certainly, because the PAC on the merits found in the school district's favor that the reactions were appropriate, as it should have, the more favorable standard of review to the PAC, I'm sorry, to the school district, is a chief reason that we want to make sure that the instrument issued by the PAC, not classified one way or the other as to being binding or non-binding, it was just a writing that analyzed the issues in play, applied legal analysis, however brief, and concluded with a directive that the school district was correct and that it was entitled to withhold its, to maintain its redactions. The order in that case was, in this case, in the PAC, writing is styled as may rather than shall, but that's simply a reflection of the fact that the school district as a public body always has the right to issue documents. It can't be compelled to withhold documents from a requester. I'm trying to understand why the PAC can't say binding opinion, which is what makes it binding, and when they don't say it, that means it's not binding. So, I mean, what's wrong with it? Well, I think what, to me, the difficulty with that is you could just as easily require, and frankly I think it would assist for clarity purposes, the PAC to say the reverse when it was taking the opposite position. Say at the outset of, say, this January opinion, this is not intended to be a binding opinion. This is, for whatever it may be worth, which if we follow Brown, it literally means nothing, this is what we think about the two parties of an active dispute. But it's clear it's not a binding opinion because they didn't say it was binding. The act provides they can issue binding opinions. Yes. Very few rules that they have to follow. And one of them, as you said, probably wasn't followed here. So, and if it's going to be binding, they clearly label it as such because of the volume and everything else. I don't understand why they have to label everything needs to be labeled. It's very easy to know that if it says binding, it means binding, and those are very few and in between, which you would expect. And most of them are disposed of in an informal resolution. Whether it resolves or not, we don't know. But it's resolved as far as the PAC is concerned. And if somebody doesn't like that and they don't follow it, then they have an opportunity to go to court? Well, Your Honor, I think the word resolve has to mean something more than the PAC washes its hands of the matter. The authority in Section 9.5F granted to the PAC is to issue a binding opinion. Incidentally, advisory opinions are mentioned, but only in the context of issuing them to a public body that asks for one, which didn't happen here. Section 9.5F allows the PAC to issue a binding opinion or resolve a request for review by mediation or by some other means. I think the arguments so far that you have heard this morning have ignored the import of the word resolve, which I would argue must mean something here. If we were to follow Brown and say that the PAC writing, if it doesn't have the label binding opinion, I think the exact quote from Brown was, has no legal effect, one wonders why the exercise is taking place in the first place. And regardless of the answer to that, it seems to clearly fall short of the requirement that they resolve a request for review. To me, a resolution of a request for review involves some brokered, negotiated agreement between the parties, or if, because that's not within the PAC's control, if that is not able to be achieved, their other option is to issue a binding opinion, or certainly, I believe, do nothing at all, which would be within their purview. Here, they ‑‑ You think they can do nothing at all? Somebody goes to them and they can just ignore it? Under the act? Your Honor, I'll retract that. I actually do not. I think they are compelled by the act to respond. Yes, I think that that's right. So resolution doesn't mean somebody agrees. When you talk about getting people involved, that's mediation. Things can be resolved on papers. It's resolved. Now, when they come out with that letter, it's resolved. The question is, if somebody doesn't like that result, they have an opportunity to go to court. What's wrong with that? There's a whole process here. And it's a process that actually provides a more liberal relief for the requester because the judge is going to look at it, they know. I'm not sure, Your Honor, I'm not sure I would agree with the position that a writing, which if we are to believe the PAC has no legal, real-world legal impact on anyone, resolves the matter or even advances the ball in any notable sense. I'm not sure the PAC, as it's been represented in court, apparently resolves the vast, vast majority of its cases in this manner. And based on the ruling in Brown, and if this court is inclined to go the same direction, sets up a state of affairs in which none of the thousands of people that avail themselves of the statutorily provided avenue for relief are any better or worse off at the end of the exercise. It sort of renders the whole exercise in nullity in the first instance because there's no legal impact of the request, or I'm sorry, of the opinion. And, again, I think — But that statute doesn't say it has the legal impact when it has an opinion. There's a legal impact there because it's a whole different system to object. Right, Your Honor. I'm arguing that the word resolve necessarily requires some sort of legal advancement of the case from where it was before the case was even brought. Short of that, I think that there's no resolution. And if there's no resolution, I don't think the PAC has done either of the options available to it. How would you characterize what the PAC did here if it's not a resolution? Your Honor, I believe that it not only was a resolution but was a binding opinion. Okay. Well, I guess it depends on how you define resolution. Yes. I mean, I think it's a resolution, too. But a resolution doesn't mean final. I don't think a resolution is they resolve the issue. You may not like it, but they resolved it. It doesn't say legal. This is informal. As parting words, lest the district's position be misconstrued, we agree that the PAC's January letter was a resolution. In fact, the district's position is that it satisfied the requirements of a Section 9.5F binding opinion, therefore was a binding opinion, and therefore is properly before this Court under administrative review. However, if this Court is to find that it, in fact, was not a binding opinion and therefore under Brown has no legal effect at all, that is a context in which we're saying there's no resolution here within the meaning of the Act, certainly nothing akin to the mediation which is specifically laid out as a criteria. Your Honors, we'd urge the Court to find that there was subject matter jurisdiction under administrative review, that the PAC's decision on its merits was correct and certainly easily surmounted the clearly erroneous standard which is appropriate for a question of mixed-factor law in a case like this. Thank you very much. Thank you, Your Honors. You get the last word. Thank you, Your Honors. I'm going to come back to one point. The reason why I included the PAC initially when I went to Court was I felt their decision was wrong and I wanted them to account for it. I was also concerned that the OPA, if it could turn around and say, okay, here is the decision of the PAC, it has weight, you must pay attention to this. And that was the second reason for bringing them in. If this Court decides it wants to go with Fallow-Brown and agrees with the PAC that it can issue these non-binding opinions, then all I would respectfully ask of this Court is that it clearly notes in its ruling these non-binding opinions are non-reviewable, non-binding, non-fining, unenforceable, and have no legal significance. So that FOIA requests such as myself, when we do go to Court and we are challenging a non-binding opinion, it's on equal footing. It has no weight. It can be characterized as a resolution by the PAC, but it's non-binding. It has no weight, and that's all I would ask. Thank you. We will take case under advisement. I want to express appreciation to the parties. The briefs were all excellent, and the arguments as well. You should be complimented for what you accomplished. Thank you.